

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00696-CV

Patricia **SEPULVEDA**,
Appellant

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB**, Not In Its Individual Capacity But Solely
As Owner Trustee for Cascade Funding Mortgage Trust HB10,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2024CV01932
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: April 16, 2025

DISMISSED FOR WANT OF PROSECUTION

On January 17, 2025, appellant filed a pro se appellate brief that was five sentences long and did not comply with Rules 9.4, 9.5, and 38.1 of the Texas Rules of Appellate Procedure. On January 29, 2025, we ordered appellant to file an amended brief that complied with Rules 9.4., 9.5, and 38.1 and warned appellant that failure to do so would result in this court dismissing this appeal for want of prosecution. On March 3, 2025, we granted appellant an extension and ordered appellant's amended brief to be filed by March 28, 2025.

On March 28, 2025, appellant filed a letter, which we construe as her attempt to file an amended brief. This amended brief also fails to comply with Rules 9.4, 9.5, and 38.1. Indeed, in its entirety, the brief consists of only two sentences:

> I request this case be overturned for wrongful eviction due to the fact that I am the heir and homeowner. I respectfully ask the property be returned to me as well as settlement of $80,000 due to this matter.

We conclude appellant's amended brief flagrantly violates Rules 9.4., 9.5, and 38.1. *See* TEX. R. APP. P. 9.4(k); *see also* TEX. R. APP. P. 38.9 (explaining that if the court of appeals "determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented or redrawn" and that "[i]f another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief"). Thus, we strike appellant's amended brief, prohibit her from filing another, and proceed as if she failed to file an appellant's brief. Accordingly, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a) (allowing dismissal for want of prosecution if appellant fails to timely file a brief); TEX. R. APP. P. 42.3(b) (allowing dismissal for want of prosecution); *Ramos v. Castaneda*, No. 04-14-00721-CV, 2015 WL 1244498, at *1 (Tex. App.—San Antonio Mar. 18, 2015, no pet.) (dismissing appeal for want of prosecution because appellant's amended brief, which consisted in its entirety of three sentences, flagrantly violated Rule 38.1).

PER CURIAM